**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 04-cr-00103-REB-06

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.  MICHAEL SMITH,

    Defendant.

_____

**ORDER DENYING DEFENDANT'S REQUEST
TO PRESENT REVERSE 404(b) EVIDENCE**
_____

**Blackburn, J.**

The matter before me for consideration and evaluation is defendant Smith's request to present at trial the putative reverse 404(b)[1] evidence identified and discussed in the **Proffer of Defendant Michael Smith** [#883] filed October 28, 2006.[2] I deny defendant's request to present at trial the evidence he identifies in his proffer as reverse

---

[1] A reference to the defensive use of evidence offered under **Fed.R.Evid. 404(b)** to prove the commission of relevant and similar crimes, wrongs, or bad acts by a third party.

[2] To the extent defendant uses his proffer to reiterate his request that the indictment be dismissed, the request is denied on both procedural and substantive grounds. Procedurally, the reiterated request (or latent motion) to dismiss is inexplicably and inexcusably filed out of time by some eight months. Substantively, defendant fails again to establish that any pre-indictment delay 1) caused him to suffer substantial, actual prejudice to his ability to present a defense; and 2) resulted from purposeful governmental action designed to gain a tactical advantage. *See **United States v. Marion***, 404 U.S. 307, 324-25 (1971); ***United States v. Johnson***, 120 F.3d 1107, 1110 (10th Cir. 1997). I also approve, adopt, and incorporated the relevant reasons stated, arguments advanced, and authorities cited by the government in its response to the proffer. *See* Response [#902] at 3-5, ¶¶ 6-13.

404(b) evidence.[3]

A modicum of procedural background is necessary. On June 3, 2005, defendant filed his motion to dismiss on the grounds of outrageous governmental conduct.[4] *See* [#440]. In that motion defendant gave notice of his intent to introduce reverse 404(b) evidence. *See* Motion [#440] at 2, ¶ 5. In my Third Supplemental Scheduling Order I required defendant to file his anticipated reverse 404(b) evidence proffer by October 31, 2006. *See* Scheduling Order at 3, ¶ 6. Defendant's proffer was timely filed on October 28, 2006. *See* [#883].

Defendant summarizes his defense in his proffer:

> . . . the government took actions which thwarted his due diligence efforts which he made in attempting to ascertain the legitimacy of the investment program of co-defendants. Not finding the true facts which the government had hidden and kept from public knowledge then led to his own investments in the program and his participation in soliciting other investors, since Defendant Smith believed the program was completely legitimate and risk-free.

*See* Proffer at 2-3. Quintessentially, defendant claims a lack of knowledge of the illegality of the investment scheme, which lack of knowlege, by definition, would preclude the formation of the *mens rea* required for the commission of the crimes charged in the Second Superseding Indictment.

Fed.R.Evid. 404(b) provides: Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof

---

[3] My ruling does not *ipso facto* preclude or prohibit the introduction of evidence for some other relevant purpose ,*e.g.*, the defendant's knowledge of relevant events and circumstances at relevant times.

[4] As I announced at the commencement of the Trial Preparation Conference on March 2, 2007, this motion will be dismissed by separate order.

of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed.R.Evid. 404(b). Such evidence may be presented by the government or a defendant. *See* **United States v. Montelongo**, 420 F.3d 1169, 1174-1175 (10th Cir. 2005).

Use of reverse 404(b) evidence is a defensive strategy employed to prove that a third party engaged in similar crimes, wrongs, or bad acts to prove up defendant's theory of defense. Some examples of the defensive use of 404(b) evidence will help illustrate the evidentiary principle.

In **United States v. Borca**, 623 F.2d 281 (3d Cir. 1980), in defense to the charge of bribery of an IRS auditor, defendant asserted that the auditor had attempted to shake him down. In support of his defense, defendant attempted to offer evidence under Rule 404(b) that the auditor had attempted to shake down other taxpayers in a similar way. Thus, the evidence was offered to show the plan or scheme of the government actor. The evidence was excluded by the district court, whose decision was affirmed on appeal.

In **United States v. McClure**, 546 F.2d 670 (5th Cir. 1977), in defense to the charge of selling heroin, defendant asserted that he lacked the requisite mens rea because he had been coerced to sell by a minatory government CI. Defendant attempted to offer evidence under 404(b) that three other persons had been similarly coerced to sell heroin by this same threatening CI. Thus, the evidence was offered to show the plan or scheme of the government actor. The evidence was excluded by the district court whose decision was reversed on appeal.

Finally, in **United States v. Montelongo**, 420 F.3d 1169 (10th Cir. 2005), in defending marijuana drug charges, defendant asserted that he had no knowledge of the drugs found in the truck he was driving. Defendant attempted to offer evidence of a similar prior incident where marijuana had been found in a truck owned by the owner of the truck defendant was driving. The evidence was excluded by the district court whose decision was reversed on appeal.

However, that is not the purpose, thrust, or relevance of the alleged wrongful acts identified and included by defendant in his proffer. Defendant's proffered evidence is not third party similar transaction evidence at all.  Similarity between the crimes charged and the third party "other crimes" evidence is the *sine qua non* of admission of reverse 404(b) evidence. Here, there is no similarity between the crimes charged in the Second Superseding Indictment and the wrongful acts discussed by defendant in his proffer..

Instead, and again, defendant proffers these alleged wrongful acts in support of his now moribund contention that the government engaged in outrageous conduct amounting to egregious pre-indictment delay that violated his Fifth Amendment right to due process.  As such, the acts made the focus of defendant's proffer do not constitute reverse 404(b) evidence and may not be admitted as such.

**THEREFORE, IT IS ORDERED** that defendant may not offer as reverse 404(b) evidence the alleged wrongful acts identified and discussed in the **Proffer of Defendant Michael Smith** [#883] filed October 28, 2006.

Dated March 23, 2007, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**