**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 04-cr-00103-REB-6

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.  MICHAEL SMITH,

    Defendant.
_____

**ORDER OVERRULING GOVERNMENT'S OBJECTION TO
DEFENDANT SMITH'S STATEMENT AS TO EXPERT WITNESS FOR TRIAL**

**Blackburn, J.**

The matter before me is **Government's Response and Objection to Defendant Smith's Statement As To Expert Witness For Trial** [#946], filed December 20, 2006, and **Government's Surreply And Objection to Defendant's Smith's statement as to Expert Witness for Trial** [#1049] filed March 13, 2007. I overrule the objections.

The government objects that defendant failed to comply with my **Order Marshaling Expert Witness Testimony** ([#426], filed May 11, 2005), as incorporated by the Third Supplemental Scheduling Order ([#724], filed April 24, 2006), in presenting his proffer of the putative expert testimony of Thomas Tenabaum. (*See* **Defendant Smith's Statement As To Expert Witness For Trial** [#892], filed November 3, 2006.) In response to the government's objections, defendant attempted to further flesh out the opinions to be offered by the expert. The government maintains that this additional proffer remains inadequate to satisfy the marshaling order and contends further that the

expert's proposed testimony is not relevant to the issues before the jury.[1]

It is abundantly clear that defendant's initial proffer was woefully inadequate to meet the standards prescribed expressly and clearly in my marshaling order, and defendant himself has acknowledged his lapse in this regard.  Nor do I wish to be read as implying in any fashion that my duly issued orders are mere suggestions that parties may follow or not as they find convenient.  I expect and require parties to read and comply with such orders and to treat them with the same solemnity with which they are issued.

Nevertheless, more is at stake here than simply an order governing the orderly administration of this case.  Defendant has a constitutional right, preserved by the Due Process Clause of the Fifth Amendment, to present a defense.  ***Washington v. Texas***, 388 U.S. 14, 18-19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967); ***Richmond v. Embry***, 122 F.3d 866, 871 (10th Cir. 1997), ***cert. denied***, 118 S.Ct. 1065 (1998).  Courts must tread cautiously when issuing rulings that may infringe that right.  Following the government's objection, defendant's counsel did attempt to make a complying proffer.[2]  Although the revised proffer is rather vague and generic, it does identify general areas of proposed testimony.  Given the weighty countervailing constitutional issues, I cannot say that striking the testimony of defendant's putative expert is an appropriate sanction.

Nor do I agree with the government that the expert's testimony is irrelevant.  Given the deliberately broad purview of Rule 401, the government attempts to define relevance

---

[1] In its sur-reply, the government indicates that it objects also to the untimeliness of defendant's disclosure and refers the court to its original filing.  However, I find no mention of this issue in the government's original objection.  I, therefore ,deem any such objection waived.

[2] I am concerned further that were I to sanction defendant for his counsel's failure to comply with my marshaling order by striking his expert witness, I would create fertile grounds for an ineffective assistance of counsel claim in the event defendant is ultimately convicted.

too narrowly. Questions of due diligence and explanations regarding private placement rules may not be dispositively relevant of the specific crimes charged, but they do offer some relevant insight into the all important issue of defendant's *mens rea*, because due diligence informs knowledge, which informs state of mind, which is prominently at issue.

**THEREFORE, IT IS ORDERED** that the **Government's Response and Objection to Defendant Smith's Statement As To Expert Witness For Trial** [#946], filed December 20, 2006, and **Government's Surreply And Objection to Defendant's Smith's statement as to Expert Witness for Trial** [#1049] filed March 13, 2007, are respectfully **OVERRULED** and **DENIED** without prejudice.[3]

Dated April 10, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[3] The government's objections are overruled without prejudice because of the general inexplicitness of defendant's proffer for which the government should suffer no further prejudice.

3