IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-01448-REB
Criminal Case No. 04-cr-00103-REB-04

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL SMITH,

    Defendant/Movant.

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR ALTERNATIVELY FOR CERTIFICATE OF APPEALABILITY

**Blackburn, J.**

The matter before me is **Defendant Michael Smith's Motion for Reconsideration or Alternatively for Certificate of Appealability** [#11747, filed January 14, 2009. I deny the motion.

This is no less than the sixth time defendant has pressed the same grounds allegedly warranting habeas relief. (*See* **Defendant Michael Smith's § 2255 Motion To Vacate Jury Verdict and Order New Trial Due to Ineffective Assistance of Counsel with Incorporated Memorandum of Law** [#1616], filed June 19, 2008; **Defendant Michael Smith's Motion for Reconsideration of Order Denying Rule 29 Motion for Judgment of Acquittal** [#1652], filed July 9, 2008; **Defendant Michael Smith's § 2255 Motion To Vacate Jury Verdict and Order New Trial for Ineffective Assistance of Counsel with Incorporated Memorandum of Law** [#1655], filed July 10, 2008; **Defendant Michael Smith's Motion for Reconsideration of His § 2255 Motion To Vacate Jury Verdict & Order New Trial for Ineffective Assistance of Counsel with**

**Incorporated Memorandum of Law** [#1676], filed July 23, 2008[1]; **Defendant Michael Smith's Amended § 2255 Motion To Vacate Jury Verdict and Order New Trial for Ineffective Assistance of Counsel with Incorporated Memorandum of Law** [#1682], filed July 24, 2008.)  His arguments do not get more compelling with repetition.  The latest incarnation of his motion presents nothing that would warrant reconsideration of any of my prior orders denying his requests for habeas relief while his direct appeal is still pending.  ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. . . .  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); ***see also United States v. D'Armond***, 80 F.Supp.2d 1157, 1170 (D. Kan. 1999) (noting that motions to reconsider in criminal matters should be evaluated under standards developed in civil cases).

Regarding defendant's alternative request for a certificate of appealability pursuant to 28 U.S.C. § 2253, I have already denied such relief concerning plaintiff's filing of a direct appeal from my most recent order denying his request for habeas relief.  (***See* Order Denying Certificate of Appealability** [#1761], filed February 19, 2009.)  As there, defendant has not made a substantial showing of the denial of a constitutional right sufficient to warrant such relief.

---

[1] This particular motion for reconsideration apparently has not been ruled on.  Because it presents no different, let alone more compelling, arguments than have been pressed previously, it also will be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Michael Smith's Motion for Reconsideration or Alternatively for Certificate of Appealability** [#11747] filed January 14, 2009, is **DENIED**; and

2. That **Defendant Michael Smith's Motion for Reconsideration of His § 2255 Motion To Vacate Jury Verdict & Order New Trial for Ineffective Assistance of Counsel with Incorporated Memorandum of Law** [#1676] filed July 23, 2008, is **DENIED**.

Dated February 20, 2009, at Denver, Colorado.

                                      **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge