**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 04-cr-00103-REB-06
Civil Action No. 08-cv-01438-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.  MICHAEL D. SMITH,

    Defendant.

---

**ORDER SETTING HEARING ON PETITION FOR HABEAS RELIEF**

---

**Blackburn, J.**

The matter before me is defendant **Michael D. Smith's Verified 28 U.S.C. § 2255 Habeas Petition To Vacate Judgment of Conviction and Set Aside Sentence** [#1771] filed July 22, 2009. Defendant claims that he should be released from custody due to constitutionally ineffective assistance of counsel. More specifically, defendant maintains that his counsel was ineffective in failing to recognize that this case was not tried within the time required by the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174.

Based on the motion and apposite response and reply, I find and conclude that an evidentiary hearing is required to resolve issues pertinent to defendant's motion. Although the parties have adequately briefed their arguments regarding whether the Speedy Trial Act was violated in this case, a hearing is necessary to receive evidence regarding whether defendant, in fact, received ineffective assistance of counsel. To circumstantiate this claim, defendant must show that counsel's performance was

constitutionally deficient and, if it was, that such deficiencies were so egregious as to prejudice the defense.  ***Strickland v. Washington***, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  The first prong of this bipartite standard inquires into whether defendant's legal representation fell below an objective standard of reasonableness.  ***Id***.  In analyzing that issue,

> [j]udicial scrutiny of counsel's performance must be highly deferential. . . .  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

***Id.***, 104 S.Ct. at 2065 (citation and internal quotation marks omitted).  I am particularly interested in receiving evidence and testimony regarding whether encouraging or acceding to the delay in bringing this matter to trial was a tactical decision or strategic consideration in counsels' representation of defendant, who was out on bond for the duration of the trial.[1]

**THEREFORE, IT IS ORDERED** that an evidentiary hearing on defendant **Michael D. Smith's Verified 28 U.S.C. § 2255 Habeas Petition To Vacate Judgment of Conviction and Set Aside Sentence** [#1771] filed July 22, 2009, is **SET** for

---

[1] In this regard, I note that although defendant has procured the affidavit of Declan O'Donnell, one of his trial counsel, his lead attorney at trial was Richard Stuckey.  Moreover, at least two other attorneys appeared on behalf of defendant at earlier points in the case.  Defendant's motion and supporting evidence makes no mention of the knowledge and strategy, *vel non*, of these attorneys.

**Tuesday, November 10, 2009**, at **1:30 p.m.**, the court reserving the remainder of the afternoon for this hearing.

Dated October 20, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge