**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 04-cr-00103-REB-06
Civil Action No. 09-cv-01734-REB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6.  MICHAEL D. SMITH,

    Defendant.

## ORDER FOR APPOINTMENT OF ADVISORY COUNSEL

**Blackburn, J.**

    This matter is before me *sua sponte*. On November 11, 2009, I convened a hearing to consider **Michael D. Smith's Verified 28 U.S.C. § 2255 Habeas Petition To Vacate Judgment of Conviction and Set Aside Sentence** [#1771] filed July 22, 2009. (*See* **Courtroom Minutes** [#1786] filed November 10, 2009.) At the hearing, the government raised the issue whether the Rules Governing Section 2255 Proceedings for the United States District Courts mandated appointment of counsel to represent defendant, who currently is proceeding *pro se*. I directed defendant to file a motion regarding the issue within ten days, and the government to submit a response within seven days thereafter. (*See id.* at 1-2.) Having now received those briefs, I conclude that the issue would not be further illuminated by the submission of a reply.

    Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have

counsel appointed under 18 U.S.C. § 3006A." The rule is stated in mandatory terms. *See McGriff v. Department of Corrections*, 338 F.3d 1231, 1234-35 (11th Cir. 2003) (relying on caselaw interpreting parallel rule applicable to 2254 proceedings to hold that district court was obligated to appoint counsel for petitioner at evidentiary hearing in 2255 proceeding and that failure to do so was not subject to harmless error analysis), *cert. denied*, 124 S.Ct. 1065 (2004); *United States v. Iasiello*, 166 F.3d 212, 213-14 (3rd Cir. 1999) (same). Neither defendant, the government, nor this court have found any precedent definitively stating that the mandate of the rule may be waived.[1]

I acknowledge and respect defendant's insistence that he is best situated to present his case to the court, and I have no doubt that he is able to knowingly and intelligently waive the right to counsel. Nevertheless, in the absence of clear authority regarding the availability of waiver, *vel non*, I elect to err on the side of caution and appoint counsel to assist defendant at the evidentiary hearing. In light of defendant's insistence that he does not require counsel, I will direct that counsel be appointed to serve in an advisory capacity, unless defendant's wishes change prior to the hearing.

---

[1] Defendant's reliance on the discretionary language of 18 U.S.C. § 3006A(a)(2)(B), a funding statute, is misplaced. Section 3006A is a funding statute and allows the district court to appoint counsel in specified types of criminal and post-conviction proceedings, including 2255 proceedings, when "the interests of justice so require." When an evidentiary hearing is warranted, however, Congress has determined and stated plainly in Rule 8(c) that the interests of justice mandate the appointment of counsel.

**THEREFORE, IT IS ORDERED** as follows:

1. That advisory counsel **SHALL BE APPOINTED** for defendant, Michael D. Smith, in connection with the evidentiary hearing to determine the issues raised by and inherent to **Michael D. Smith's Verified 28 U.S.C. § 2255 Habeas Petition To Vacate Judgment of Conviction and Set Aside Sentence** [#1771] filed July 22, 2009;

2. That defendant's former trial counsel, Richard N. Stuckey, who is anticipated to be a material witness at the evidentiary hearing, is **EXCLUDED** from appointment as advisory counsel for defendant at the hearing; and

3. That within **fourteen (14) days** of the appointment, counsel for the government and advisory counsel for defendant **SHALL CONTACT** my chambers at (303) 335-2350 to reset the evidentiary hearing.

Dated December 1, 2009, at Denver, Colorado.

                                 **BY THE COURT:**

                                 */s/ Robert E. Blackburn*
                                 Robert E. Blackburn
                                 United States District Judge